IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT MICHAEL HARRIOTT,           :   Civil No. 3:20-cv-26
                                   :
    Petitioner                     :   (Judge Mariani)
                                   :
v.                                 :
                                   :
JEFFERY E. BOYLES,                 :
                                   :
    Respondent                     :

**MEMORANDUM**

### I. Background

On January 7, 2020, Petitioner Robert Michael Harriott ("Harriott"), a native and citizen of Jamaica, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Harriott requested a bond hearing or release from custody. (*Id.* at p.8). At the time his petition was filed, Harriott was detained at the Pike County Correctional Facility.

Respondent filed a suggestion of mootness stating that Harriott was released on an order of supervision on November 24, 2020. (Doc. 9). Respondent argues that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Harriott, the Court accessed the ICE Online Detainee Locator System, which revealed no matches for

detainee Robert Michael Harriott.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Harriott's continued detention pending removal. (*See* Doc. 1). Because Harriott has since been released on an order of supervision, the petition no longer presents an existing case or controversy. *See Nunes v.*

---

[1] Upon entering Harriott's alien registration number, A097428091, and his country of birth, Jamaica, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

*Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (holding that petitioner's release from immigration detention on an order of supervision rendered his § 2241 habeas petition moot). Further, Harriott has received the relief he sought, namely, "some kind of release[ ]." (Doc. 1, p. 8). *See Nunes*, 480 F. App'x 173 (ruling that conditional release pending removal rendered the habeas petition moot); *see also Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 23, 2021